UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE HERNANDEZ, III** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-11517** |
| **BP EXPLORATION & PRODUCTION, INC. et al.** | **SECTION: "G" (1)** |

# ORDER

In this litigation, Plaintiff Clarence Hernandez, III ("Plaintiff") seeks to recover damages from Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively, "Defendants") for injuries he allegedly sustained while employed in the response effort to the Deepwater Horizon oil spill.[1] Pending before the Court is Defendants' motion for summary judgment.[2] Pursuant to Federal Rule of Civil Procedure 56, Defendants seek dismissal with prejudice of Plaintiff's claims against Defendants.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

The instant motion was filed on November 10, 2020, and noticed for submission on December 2, 2020.[4] Pursuant to Eastern District of Louisiana Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed any opposition to the motion, and therefore the motion is deemed to be unopposed. The Court has

---

[1] Rec. Doc. 4 at 3–4.

[2] Rec. Doc. 23.

[3] *Id.* at 1.

[4] *Id.*

1

authority to grant a motion that is unopposed, although it is not required to do so.[5] District courts may grant an unopposed motion as long as the motion has merit.[6]

## I. Background

This case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010.[7] On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MSA").[8] The MSA includes a Back-End Litigation Option ("BELO") that allows certain class members, including clean-up workers who follow procedures set forth in the MSA, to file suit against BP for later-manifested physical conditions.[9]

On July 3, 2019, Plaintiff filed a BELO complaint in the United States District Court for the Eastern District of Louisiana.[10] The case was assigned to Judge Barbier (Section "J" of this Court).[11] On July 29, 2019, Plaintiff filed a first amended BELO complaint.[12] In the amended complaint, Plaintiff alleges that he was exposed to "oil, other hydrocarbons, and other substances"

---

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] See *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[7] Rec. Doc. 1.

[8] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 8217 (E.D. La. Jan. 11, 2013).

[9] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 6427-1 at 60–73 (E.D. La. May 3, 2012).

[10] Rec. Doc. 1.

[11] Rec. Doc. 2.

[12] Rec. Doc. 4.

during the Deepwater Horizon oil spill while he performed "Response Activities, as defined by the MSA."[13] That exposure allegedly caused Plaintiff to suffer "diagnosed medical conditions."[14] Specifically, Plaintiff alleges that he was diagnosed with pulmonary embolus, chest pain, dyspnea, gross hematuria, hydrocele, and urothellal clusters between May 3, 2012, and March 6, 2014.[15]

On February 5, 2020, after completion of certain requirements set forth in the BELO Case Management Orders, this case was transferred from Judge Barbier (Section "J" of this Court) and randomly reallotted to Chief Judge Nannette Jolivette Brown (Section "G" of this Court).[16] On April 4, 2020, the Court issued a scheduling order setting this case for trial on February 22, 2021.[17] Pursuant to the Scheduling Order, Plaintiff was required to disclose any expert reports to Defendants no later than November 5, 2020.[18] The parties were required to file witness and exhibit lists no later than December 4, 2020.[19]

On November 10, 2020, Defendants filed the instant motion.[20] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[21] Plaintiff has not filed an opposition to the instant motion and therefore the motion is deemed unopposed. A

---

[13] *Id.* at 3.

[14] *Id.* at 4.

[15] *Id.* at 3.

[16] Rec. Doc. 8.

[17] Rec. Doc. 14.

[18] *Id*. at 3.

[19] *Id*.

[20] Rec. Doc. 23.

[21] *See* EDLA Local Rule 7.5.

federal district court may grant an unopposed motion if the motion has merit.[22]

## II. Parties' Argument

In the instant motion for summary judgment, Defendants request summary judgment on Plaintiff's BELO claims.[23] Defendants assert that the MSA requires BELO plaintiffs to prove legal causation.[24] Defendants aver that Plaintiff brings a BELO claim and therefore must demonstrate that "[his] adverse physical conditions were caused by exposure to crude oil, dispersants, or other spill-related chemicals during [his] work" during the response effort to the oil spill.[25]

Defendants argue that courts in this district have "uniformly concluded that BELO plaintiffs need expert testimony to meet their burden" to prove legal causation.[26] Because Plaintiff produced no expert reports or expert disclosures by the November 5, 2020, deadline set forth in the Court's Scheduling Order, Defendants submit that Plaintiff "cannot meet his burden of proof on causation as a matter of law."[27]

Plaintiff has not responded to the instant motion for summary judgment or presented any evidence to contradict Defendants' assertions.

## III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[22] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[23] Rec. Doc. 23.

[24] Rec. Doc. 23-1 at 2.

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.* at 6.

as a matter of law."[28] If the record as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[29] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[30] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[31] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record and articulate" precisely how that evidence supports her claims.[32]

## **IV. Analysis**

The MSA entered in the Deepwater Horizon litigation includes a Back-End Litigation Option ("BELO") that allows certain class members, including clean-up workers who follow procedures set forth in the MSA, to sue BP for later-manifested physical conditions resulting from exposure to oil and other harmful chemicals.[33] The MSA defines a later-manifested physical condition as a physical condition diagnosed after April 16, 2012, which is claimed to have resulted

---

[28] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[29] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[30] *Celotex*, 477 U.S. at 323.

[31] *Id.* at 325.

[32] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[33] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 6427-1 at 60–73 (E.D. La. May 3, 2012).

from exposure to oil or other hazardous substances "used in connection with the Response Activities."[34] Under the terms of the MSA, a BELO claimant is not required to prove liability, but the claimant "must prove causation."[35]

The Fifth Circuit has stated that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain [a plaintiff's] burden in a toxic tort case."[36] Therefore, in a toxic tort case such as this one, "expert testimony is [] required to establish causation."[37] Accordingly, district judges in the United States District Court for the Eastern District of Louisiana—including the undersigned Chief Judge—have routinely held that summary judgment is appropriate where a BELO plaintiff fails to set forth any expert evidence to support the causation element of his or her BELO claim.[38]

---

[34] *Id*. at 17–18.

[35] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 13733 (E.D. La. Nov. 26, 2014) (Barbier, J.). *See also Garcia-Maradiaga v. BP Expl. & Prod.*, No. 18-11850, 2020 WL 491183, at *3 (E.D. La. Jan. 30, 2020) (Ashe, J.); *Turner v. BP Expl. & Prod.*, No. 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019) (Fallon, J.); *Brown v. BP Expl. & Prod. Inc.*, No. 18-9927, 2019 WL 2995869, at *2 (E.D. La. July 9, 2019) (Africk, J.); *Rabalais v. BP Expl. & Prod. Inc.*, No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019) (Africk, J.); *Cibilic v. BP Expl. & Prod.*, No. 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (Milazzo, J.); *Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.).

[36] *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).

[37] *Id*.

[38] *Ordonez v. BP Expl. & Prod., Inc.*, No. CV 18-9166, 2020 WL 5850081, at *3–4 (E.D. La. Oct. 1, 2020) (Brown, C.J.); *Banegas v. BP Expl. & Prod.*, No. 17-cv-7429, 2019 WL 424683, at *3 (E.D. La. Feb. 4, 2019) (Vance, J.); *Rabalais* , 2019 WL 2546927, at *2 (Africk, J.); *Torres v. BP Expl. & Prod. Inc.*, No. 12-968, 2020 WL 2197919, at *1 (E.D. La. May 6, 2020) (Barbier, J.) ("As several other sections of this Court have concluded, plaintiffs in BELO cases must prove that their illness was legally caused by exposure to chemicals from the oil spill or the response. Furthermore, this proof must be accomplished through expert testimony. Torres, however, failed to submit an expert report or make any expert disclosures by the Court's deadline of April 16, 2020. Consequently, BP is entitled to summary judgment.").

Pursuant to the Scheduling Order, Plaintiff was required to disclose any expert reports to Defendants no later than November 5, 2020.[39] To date, Plaintiff has not disclosed any expert reports to Defendants. Additionally, Plaintiff has not designated any expert witnesses in this case.[40] Plaintiff has not opposed the motion or otherwise attempted to demonstrate causation. Therefore, because Plaintiff has failed to put forth any evidence to support an essential element of his BELO claims, there are no genuine issues of material fact in dispute and Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants BP Exploration & Production, Inc. and BP America Production Company's motion for summary judgment[41] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this ___21st___ day of December, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[39] Rec. Doc. 14 at 3.

[40] *Baptiste v. BP Expl. & Prod.*, No. 18-9270, 2020 WL 2063678, at *3 (E.D. La. Apr. 29, 2020) (Feldman, J.) (citing *Herrera v. BP Expl. & Prod., Inc.*, No. 18-8322, 2020 WL 1166983, at *2–3 (E.D. La. Mar. 11, 2020) (Vance, J.); *Banegas*, 2019 WL 424683, at *3 (Vance, J.); *Escobar v. BP Expl. & Prod.*, No. 18-9170, 2019 WL 6877645, at *3 (E.D. La. Dec. 17, 2019) (Morgan, J.). ("To be sure, a diagnostic report lacking a causation opinion or information necessary to develop a causation opinion is either incompetent summary judgment evidence, inadmissible under Federal Rule of Evidence 702, or otherwise falls short of the plaintiff's burden on legal causation.")).

[41] Rec. Doc. 23.